United States District Court
Southern District of Texas
**ENTERED**
November 27, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTHONY NAVARRA *and* KATHERINE NAVARRA, § § § Plaintiffs, § § v. § STATE FARM LLOYDS, § § Defendant. § § | CIVIL CASE NO. H:23-1689 |

### MEMORANDUM AND ORDER

Anthony Navarra and Katherine Navarra sued State Farm Lloyds after their home was damaged by wind and hail in May 2022. The Navarras filed a claim on their State Farm property insurance policy. State Farm inspected and informed the Navarras in September 2022 that the damage amount was below the deductible. The Navarras invoked appraisal, and an appraisal award was signed in December 2022. In January 2023, State Farm stated that it would not honor the award because the appraisal had improperly decided questions of coverage. The Navarras sued, alleging breach of contract, statutory violations, and bad faith. (Docket Entry Nos. 1-3, 14). After this suit was filed, State Farm paid the appraisal award in full, including statutory interest dating from September 2022. (Docket Entry No. 18). State Farm then moved for summary judgment, the Navarras responded, and State Farm replied.

Based on the complaint, the motion and response, the summary judgment record, and the applicable law, the court grants State Farm's motion for summary judgment. Final judgment is entered by separate order. The reasons for this ruling are set out below.

I.     **The Rule 56 Standard**

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)). "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting reference omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial." *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration in original) (quoting reference omitted). "However[,] the movant 'need not negate the elements of the nonmovant's case.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)). "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

After the movant meets its Rule 56(c) burden, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting references omitted). The nonmovant "must identify specific

2

evidence in the record and articulate the 'precise manner' in which the evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quoting reference omitted). All reasonable inferences are drawn in the nonmovant's favor. *Loftin v. City of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022). But a nonmovant "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 369 (5th Cir. 2021) (quoting reference omitted).

## III. Analysis

State Farm argues that its full payment of the appraisal award and of statutory interest "forecloses any claims[.]" (Docket Entry No. 18 at 1). The Navarras respond that they can still prevail on their breach of contract, bad faith, and statutory claims because although the payment was made in full, it was too late to preclude these claims. (Docket Entry No. 20 at 10–11).

### A. The Breach of Contract Claim

Under Texas law, the elements of a breach of contract claim are: (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach. *Crose v. Humana Ins. Co.*, 823 F.3d 344, 347 (5th Cir. 2016). In *Ortiz v. State Farm Lloyds*, Ortiz brought a breach of contract claim against State Farm "premised on the fact that the appraisal award valued the covered loss in an amount greater than State Farm initially assessed." 589 S.W.3d 127, 132 (Tex. 2019), *reh'g denied* (Dec. 13, 2019). The Texas Supreme Court affirmed summary judgment in State Farm's favor, holding that "[i]t simply does not follow that an appraisal award demonstrates that an insurer breached by failing to pay the covered loss." *Id.* at 132–33. The Court explained that "[i]f it did, insureds would be incentivized to sue for breach every time an appraisal yields a higher amount than the insurer's estimate (regardless of whether the insurer pays the award), thereby encouraging

3

litigation[.]" *Id.* at 133. "[P]ayment and acceptance of the award . . . bars the insured's breach of contract claim." *Randel v. Travelers Lloyds of Texas Ins. Co.*, 9 F.4th 264, 267 (5th Cir. 2021) (internal quotation omitted).

The Navarras' breach of contract claim is based on the argument that State Farm's payment—six months after the appraisal award—"does not amount to compliance with the contract." (Docket Entry No. 20 at 11). But State Farm has paid the full amount of the award, including interest to compensate for the time lapsed before the payment. The failure to pay when the appraisal award was originally issued is not itself a breach of contract. The case law is clear that late payment of the award precludes a breach of contract claim so long as it includes accrued interest. *See Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins.*, No. 10-CIV-2538, 2012 WL 142222, at *8 (S.D. Tex. Jan. 18, 2012) (claim for late payment falls under the Prompt Payment of Claims Act). The court need not decide what length of delay might allow the claims when the delayed payment covers principal and interest. The amount of delay here is not so much as to give rise to a breach of contract.

State Farm is entitled to summary judgment on the breach of contract claim.

**B.  The Prompt Payment of Claims Act Claim**

The Prompt Payment of Claims Act requires an insurer to pay a policyholder's claim within 60 days of receiving the documents needed to resolve the claim. *Mainali Corp. v. Covington Specialty Ins. Co.*, 872 F.3d 255, 257–58 (5th Cir. 2017, *revised* Sept. 27, 2017) (citing TEX. INS. CODE § 542.058). If an insurer does not comply "[i]n an action to which Chapter 542A applies[,]" the insurer will be liable for "simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees."

4

TEX. INS. CODE § 542.060(c).  Chapter 524A governs claims for property damage and applies here. TEX. INS. CODE § 542A.  State Farm argues that it is entitled to summary judgment because it paid the required interest rate in compliance with the Act. (Docket Entry No. 18 at 1).

The Navarras do not contest that State Farm has fulfilled its obligations under the Prompt Payment Act.  State Farm is entitled to summary judgment on the Navarra's Prompt Payment Act claim because it complied with the required interest payment.

### C.  The Bad-Faith Claim

State Farm argues that the Navarras cannot maintain extracontractual causes of action, including for bad faith, because they have no right to additional policy benefits and have not alleged an independent injury.  (Docket Entry No. 18 at 4–5).  The Navarras respond that they have alleged "actual damages" and therefore have a basis to recover damages for their bad faith and statutory claims. (Docket Entry No. 20 at 8–9).

The Texas Insurance Code authorizes a private action against an insurer that commits "an unfair or deceptive act or practice in the business of insurance" that causes damages to another. TEX. INS. CODE § 541.151.  The Texas Supreme Court recently held that "the insurer's payment of the [appraisal] award bars the insured's . . . common law and statutory bad faith claims to the extent the only actual damages sought are lost policy benefits."  *Ortiz*, 589 S.W.3d at 129.  In *Ortiz*, the Texas Supreme Court explained that "although a breach of contract finding is not a prerequisite to recovery for a statutory violation that 'caused' the insured's damages, the 'general rule' is that 'an insured cannot recover policy benefits as actual damages for an insurer's statutory violation if the insured has no right to those benefits under the policy.'"  *Ortiz*, 589 S.W.3d at 134 (quoting *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 495 (Tex. 2018)).  Additionally, "any award of attorney's fees or treble damages is premised on an award of underlying 'actual

5

damages.'" *Id.* The court found that through the appraisal process Ortiz had received all the policy benefits he was entitled to and that he had not presented evidence of an independent injury, making summary judgment for State Farm on his bad-faith claims appropriate. *Id.* at 135.

The Navarras' complaint alleges that they have actual damages of "the loss of benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees." (Docket Entry No. 1-3 at 14). The loss of benefits claim is foreclosed by the appraisal award payment. Costs incurred in prosecution, "attorney's fees and treble damages . . . do not constitute *actual damages* under the Policy." *White v. Allstate Vehicle & Prop. Ins. Co.*, No. 19-CIV-00066, 2021 WL 4311114, at *6 (S.D. Tex. Sept. 21, 2021).

To recover mental anguish damages, "the Plaintiffs must introduce direct evidence of the nature, duration, and severity of the mental anguish, thus establishing a substantial disruption in the Plaintiffs' daily routine." *Reyelts v. Cross*, 968 F. Supp. 2d 835, 846 (N.D. Tex. 2013), *aff'd*, 566 F. App'x 316 (5th Cir. 2014). "An award of mental anguish damages requires either direct evidence of the nature, duration, or severity of the plaintiff's anguish or other evidence of a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger." *Jabri v. Alsayyed*, 145 S.W.3d 660, 669 (Tex. App.—Houston [14th Dist.] 2004, no pet.). The Navarras' complaint does not plead any details regarding mental anguish, let alone facts relating to the severity of the anguish or high degree of distress. In their amended complaint and response to the motion for summary judgment, the Navarras do not point to any evidence of mental anguish and do not name mental anguish as their basis for actual damages. (Docket Entry Nos. 14, 20).

Because there is no evidence of actual damages, State Farm is entitled to summary judgment on the Navarras' bad-faith claim and claim for statutory damages.

### D. The Attorney's Fees Claim

State Farm argues that the Navarras cannot recover attorney's fees because they "cannot recover damages on their contract claim." (Docket Entry No. 18 at 14). Because State Farm is entitled to summary judgment on all of the Navarras' claims, attorney's fees are not available, as a matter of law. *Reyna v. State Farm Lloyds*, No. 19-CIV-3726, 2020 WL 1187062, at *5 (S.D. Tex. Mar. 12, 2020). State Farm is entitled to summary judgment on the Navarras' attorney's fees claim.

## IV. Conclusion

State Farm's motion for summary judgment, (Docket Entry No. 17), is granted. Final judgment is separately entered.

SIGNED on November 27, 2023, at Houston, Texas.

Lee H. Rosenthal
United States District Judge